## AMERICAN MUT. LIABILITY INS. CO. OF BOSTON v. MEYER et al.

### No. 7395.

Circuit Court of Appeals, Third Circuit.

Nov. 14, 1940.

## MARYLAND CASUALTY CO. v. TALLEY.

### No. 9472.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1940.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

Harold E. McCamey, Charles A. Woods, Jr., William W. Matson, and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for appellant.

James H. Brennan, John R. Holland, William H. Markus, and Paul J. O'Donovan, all of Pittsburgh, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The appeal at bar grows out of a petition for a declaratory judgment filed by the appellant in accordance with the provisions of the Declaratory Judgment Act of June 14, 1934, c. 512, 48 Stat. 955, as amended August 30, 1935, c. 829, Section 405, 49 Stat. 1027, 28 U.S.C.A. § 400, against certain named individuals who are the appellees, three of whom constitute a partnership doing business as George Meyer Company, to the end that the appellant's liability upon a policy might be determined. The insured named in the policy is "George Meyer Company". The owner of the car which took part in the accident is Ira G. Spray, whom the court below found to be a member of the partnership known as George Meyer Company. Stephen O'Karma, who was the driver of the car at the time of the accident, was also an employee of George Meyer Company and was engaged upon the partnership's business at the time the accident occurred. The appellees, Catherine McGann, Louise Wallace and R. E. Ruff, were injured as a result of the accident and have demanded of the appellant that it pay them for damages which they sustained.

From the foregoing it is apparent that the automobile was not owned in full or in part by the named insured, was not registered in its name and was not hired by the insured or any partner thereof. The appellant relying upon the "Exclusions" clause of the policy, contends that it is without liability. In order that the question presented for our determination may be fully understood we state that the policy provides that its coverage shall not apply "* * * to any automobile owned in full or in part by, or registered in the name of, or hired by the named insured or a partner thereof if the named insured is a partnership; * * *".

The learned trial judge concluded that since the automobile was owned by Spray individually as distinguished from ownership by the partnership the "Exclusions" clause did not apply to the automobile because that clause was directed, to quote the words of the court below, only to an automobile "owned in full or in part by the named insured" or "registered in the name of the named insured" or "hired by the named insured, * * * or a partner thereof." In our opinion this construction does violence to the language of the policy for it gives no adequate meaning to the phrase of the policy "or a partner thereof if the named insured is a partnership;". There is no comma or other break after the word "insured" first used in the clause and it is obvious that the qualifying clause last quoted should modify all that goes before it. To phrase our conclusion in other words, we state that the qualifying phrase "the named insured or a partner thereof" is the object not only of the last preposition "by" but also of the first preposition "by" and of the preposition "of". There is no justification for separating the phrase "or a partner thereof" from the phrase "the named insured" in this object. It follows that since Spray was a partner in George Meyer Company and since Spray owned the automobile, the automobile is excluded from the coverage of the policy.

Accordingly the judgment of the court below is reversed and the cause is remanded with directions to enter a declaratory judgment as prescribed by law for the appellant.