William C. Hecht, Jr., J.
Plaintiff was injured while driving a rented car. He lives and is employed in New York City. He owns a car which is kept in a garage in New York and was insured by defendant under a standard automobile liability insurance policy. The policy contains the following clause relative to the use of other automobiles:
“V. Use of Other Automobiles. If the named assured is an individual who owns the automobile classified as ‘ pleasure and business ’ or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, subject to the following provisions:
*52 “ (b) This insuring agreement does not apply:
“ (1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse. ’ ’
The plaintiff was sent out to the West Coast on an assignment as a photographer by his employer. He was to be there about a month and hired a car on August 13, 1951 for a month and was injured in an accident on September 16 while he was using the car under the original hiring. He testified that he used the car during the whole time he was out there. He seeks recovery for medical expenses under the policy.
The court below submitted to the jury the question whether plaintiff was covered by the terms of the policy. Since the facts are admitted and the terms of the policy are not ambiguous, the interpretation of the contract was for the court.
The plaintiff urges that the hiring of the car was a single act despite the number of days involved and, therefore, the car was not hired as part of a frequent use. However, the wording in question is not directed at frequent hirings, but rather at frequent use of hired cars. If plaintiff’s reasoning is sound there could be a hiring for a year and the policy would still be effective to protect him.
The purpose of the clause is to cover casual or occasional use of other cars. Any other interpretation would subject the insurance company to greatly added risk without the payment of additional premiums. It is the availability of the car and the number of times it is used that should be the criterion. (Rodenkirk v. State Farm Mut. Automobile Ins. Co., 325 Ill. App. 421; Lumbermens Mut. Cas. Co. v. Pulsifer, 41 F. Supp. 249; Farm Bureau Mut. Auto Ins. Co. v. Boecher, 48 N. E. 2d 895 [Ohio App.].)
In the case at bar the hired car was used at least for 30 consecutive days. The policy was a yearly one. Under the circumstances plaintiff was not covered by the policy and the court should have directed a verdict for the defendant.
Schbeibeb,, J., concurs; Hofstadter, J., dissents to extent that complaint is dismissed; vote for reversal being solely on ground that the submission to the jury by the trial court was inadequate, diffuse and tending to confuse.
Judgment reversed, with $30 costs, and judgment directed for defendant, with costs.