**HARRILL**

v.

**MOTOR VEHICLE CAS. CO. (HARRILL, Third-party Defendant).**

Civ. A. No. 1–137.

United States District Court
S. D. Iowa, W. D.

April 15, 1954.

John LeRoy Peterson, Proctor R. Perkins and Don H. Jackson, Council Bluffs, Iowa, for plaintiff.

Clyde Putnam, Jr., Des Moines, Iowa, for defendant, Motor Vehicle Cas. Co., and third-party defendant, Mollie Harrill.

RILEY, District Judge.

This matter comes before the court on defendant's motion for summary judgment asserted under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The case originally came to this court on defendant's petition for removal from the District Court of Iowa in and for Pottawattamie County (the county of plaintiff's residence), on the ground of diversity of citizenship. After answer, defendant, with leave, filed a counterclaim for declaratory judgment and subsequently, with leave granted, joined Mollie Harrill, mother of the plaintiff, also a resident of Pottawattamie County,

Iowa, as a third-party defendant to the defendant's counterclaim.

In his initial complaint plaintiff sought to recover $5,000, representing the amount of the policy coverage, for bodily injury, and an additional $5,000 to compensate for expense and attorney fees in making defense to claims arising as the result of a collision between the automobile driven by plaintiff and one driven by James R. Maxey. The claims were asserted in a suit instituted by Maxey in the District Court of Iowa in and for Pottawattamie County and removed to this court wherein at trial by jury a judgment of $80,000 was obtained against plaintiff herein. This defendant declined to accept defense of the suit or responsibility related thereto, asserting that the Buick automobile driven by the plaintiff herein and involved in the collision, was not included within the coverage of its policy of insurance issued to plaintiff prior to the collision, under the terms of which defendant insured as to claims for bodily injury and property damage related to the operation of plaintiff's 1933 Ford Tudor Sedan.

In its counterclaim defendant recited the fact of the commencement of two additional separate suits against plaintiff in the District Court of Iowa in and for Pottawattamie County growing out of the same collision. Subsequently, plaintiff filed a reply to the counterclaim and, with leave, amended the complaint asking that defendant be required to pay $5000 for the defense of each additional action and be held liable for any amount recovered by plaintiff in each such action, "up to an additional sum of $5000 under their policy." Defendant in answer admitted its refusal to defend the primary action in which judgment against plaintiff was recovered and as well the two subsequent actions commenced in the District Court of Iowa in and for Pottawattamie County, and reasserted its denial of coverage of plaintiff's Buick automobile under its policy of insurance, issued on Nov. 12, 1950, insuring plaintiff's 1933 Ford Tudor Sedan. The dec-

laration of rights as to the three separate proceedings is here in issue.

In this state of the record, defendant filed the motion for summary judgment asking dismissal of plaintiff's complaint and for judgment in its favor for the relief demanded in its counterclaim for declaratory judgment, alleging the existence of no material facts except as to the amount of damages claimed by way of attorney fees and its right to judgment as a matter of law.

The policy contract of Nov. 12, 1950, sued upon by plaintiff covering his 1933 Ford Tudor Sedan is an admitted part of the record and defendant bases its motion upon the facts admitted in the pleadings, the depositions of plaintiff Ivan Harrill and third-party defendant Mollie Harrill taken in this cause, the testimony of certain parties at the trial of the suit resulting in judgment in the case of James R. Maxey v. Ivan Harrill and Lied Motor Car Company, and the depositions of certain parties taken in connection with said suit.

Comprehensive briefs have been filed by counsel for all parties and the motion was submitted to the court at Council Bluffs, Iowa, on April 8, 1954, following oral arguments. The court has examined the files and record herein and the briefs of the parties and upon consideration of the entire matter finds that there is no genuine issue as to any material fact save as to what there may be as to the amount of attorney fees claimed, and that defendant's motion for summary judgment should be sustained.

In reaching this determination the court is accepting as a fact only for the purposes hereof that the plaintiff if entitled to recover is entitled to some amount by way of attorney fees not exceeding the amount claimed in the complaint as amended.

The policy of insurance upon which plaintiff declares was issued by defendant Nov. 12, 1950, for a period of one year thereafter, and by its terms insured plaintiff against loss by reason of liability for bodily injury and for property

damage related to the operation of plaintiff's 1933 Ford Tudor Sedan under the conditions stated. Among the conditions of the policy was the provision as here set forth:

"V.   Use of other automobiles

"Such insurance as is afforded by this policy for bodily injury liability and for property damage liability with respect to the automobile classified as 'pleasure and business' applies (1) to the named insured, if an individual and the owner of such automobile, or if husband and wife either or both of whom own such automobile, and (2) to the spouse of such individual if a resident of the same household, the employer of such named insured or spouse, the parent or guardian of such named insured or spouse, if a minor and a partnership in which such named insured or spouse is a partner, as insured, with respect to the use of any other automobile by or in behalf of such named insured or spouse. This insuring agreement does not apply: (a) To any automobile owned in full or in part by, registered in the name of, hired as a part of a frequent use of hired automobiles by, or furnished for regular use to, the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;  *   *   *."

The record discloses that during the term of the policy of insurance in question plaintiff was involved in a collision on July 6, 1951, in which plaintiff while operating a Buick automobile collided with a car driven by one James R. Maxey. A suit ensued in the District Court of Iowa in and for Pottawattamie County, was removed to this court and after trial resulted in a judgment as above indicated. The record discloses also that defendant was notified of the collision and informed plaintiff:

" *   *   * that the vehicle which you were driving at the time of the accident, a Buick Convertible Sedan,

Motor 53462897, Serial 4516–352 was not insured by this Company and under the circumstances, the policy in your name will not apply to your operation of that Buick automobile.

"We understand that the Buick automobile is insured by some other Company. If you have not done so, you should, of course, report the loss to that Company.

"This letter is being sent simply to notify you that this Company will not accept any responsibility for the accident in question since, as we have said before, we have no policy covering directly or indirectly the automobile which you were driving."

And in the motion for summary judgment defendant asserts:

"that under the terms and provisions of the policy contract sued upon, and particularly Paragraph V of the Insuring Agreements, the Defendant is not liable to the Plaintiff or the Third Party Defendant, or any other person, for any claims of any kind or character or for attorney fees incurred or to be incurred, or for the furnishing of counsel as a result of the operation of the 1949 Buick automobile by Plaintiff and the accident of July 6, 1951, and the resulting suits and judgment, or judgments, that may be rendered."

Plaintiff in his complaint declares that on July 6, 1951, the Buick automobile operated by him was owned by Lied Motor Car Company (his co-defendant in the damage suit) and urges in argument that the fact of such ownership was established by the judgment in the suit mentioned above and that that judgment is res adjudicata on the question of the ownership of the Buick automobile.

█   It is an admitted fact as disclosed by the record that for a period of months prior to the collision of July 6, 1951, plaintiff had regularly used and driven the Buick automobile and was so using and driving it at the time of the collision, from which this court might

conclude that the above quoted clause of the policy excluded the Buick automobile from its coverage.

In other cases involving like policies with identical exclusionary clauses a distinction has been made between infrequent or merely casual use of an automobile other than that described in the policy and one which is frequently or regularly used by the insured. The record here shows without dispute that the Buick car, by whomever owned, was furnished for plaintiff's regular use and was so used. To hold otherwise than that the Buick was excluded from said coverage would in effect cause this court to include under the coverage of the policy issued to plaintiff another car for which no additional premium was paid with consequent increased and uncompensated risk of liability for the defendant. This court must take the contract as made between the parties and because of the regular use of the Buick automobile by plaintiff as opposed to a casual or infrequent use—apparently contemplated so by the parties—the exclusionary clause above referred to is brought into operation and applicable here. See in this connection: Aler v. Travelers Indemnity Co., D.C.Md.1950, 92 F.Supp. 620; Northwest Casualty Co. v. Legg, 91 Cal. App.2d 19, 204 P.2d 106; Rodenkirk for use of Deitenbach v. State Farm Mut. Auto. Ins. Co., 1944, 325 Ill.App. 421, 60 N.E.2d 269; Farm Bureau Mut. Auto. Ins. Co. v. Boecher, Ohio App., 1942, 48 N.E.2d 895. See also, Lumbermens Mut. Casualty Co. v. Pulsifer, D.C.Me., 41 F. Supp. 249. In this last case, as in Pacific Auto. Ins. Co. v. Lewis, 1943, 56 Cal.App. 2d 597, 132 P.2d 846, while recovery was allowed, it was significant that the language of the exclusionary clause was recognized to exclude cars under the control of the insured,—"that he could use at will and might use often. Without some such exclusion it is obvious that the Company might lose premiums and also that the hazard under the insurance would be increased." Quoting from 41 F.Supp. at page 251.

■ A consideration of the entire record convinces that the regular use and operation by plaintiff of the Buick automobile involved in the collision was of such character as to bring it within the exclusionary clause of the policy. Counsel for plaintiff in argument sought to make a distinction between defendant's obligation to defend and its obligation to indemnify. The contract of insurance is the measure of plaintiff's rights and of defendant's obligations. To use the words of the policy—"this insuring agreement does not apply." The obligation to defend does not exist apart from the obligation to indemnify and, in the circumstances here existing, that obligation is likewise excluded. No issue of fact appearing in the record, the court must find as a matter of law that the plaintiff has no right to recover either attorney fees or indemnity under the policy involved and that defendant is entitled to a summary judgment of dismissal of the complaint herein.

The court also finds that under defendant's counterclaim for declaratory judgment, under the issues as made by the pleadings and the motion for summary judgment based thereon, the ruling on this motion for summary judgment likewise applies to defendant's obligation to defend the actions commenced in the District Court of Iowa in and for Pottawattamie County described in plaintiff's amendment to complaint as Case No. 35577 and Case No. 35578. It is requested that counsel for defendant prepare and submit an appropriate judgment entry. An exception is allowed.