**Ruth B. WYATT, Administratrix of the Estate of Cecil H. Wyatt, deceased, Appellant,**

v.

**CIMARRON INSURANCE COMPANY, Inc., Appellee.**

No. 5326.

United States Court of Appeals Tenth Circuit.

July 12, 1956.

Wm. J. Holloway, Jr., Oklahoma City, Okl. (Embry, Crowe, Tolbert, Boxley & Johnson and V. P. Crowe, Oklahoma City, Okl., were with him on the brief), for appellant.

Gus Rinehart, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., were with him on the brief), for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Ray & Wyatt, a copartnership composed of Walter Ray and C. H. Wyatt, conducted an insurance and finance business in the city of Frederick, Oklahoma. The partnership owned a Mercury automobile upon which the partnership, as agents for the plaintiff company, wrote a public liability insurance policy. The policy provided that the purposes for which the automobile was to be used were "business and pleasure, Class 3." Wyatt individually owned a Buick automobile and a Ford pickup which were also covered by public liability insurance in the plaintiff company. All the policies contained a provision which covered the insured while using other automobiles.[1] There was an exception to this provision,

---

[1] The provision of the policy referred to reads:

"V. Use of Other Automobiles: If the named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments

making the insurance inapplicable when the "other automobile" was "owned by" or "furnished for the regular use of the named insured". The plaintiff brought this declaratory judgment action for a determination of its liability under the policies written on the Buick and Ford pickup for damages caused by Wyatt while driving the Mercury automobile. The trial court found that the Mercury was furnished for the regular use of Wyatt and came within the exception with respect to the use of other automobiles. This is an appeal from a judgment in favor of the plaintiff company.

The case is here on a stipulated record which discloses that the partnership of Ray & Wyatt had been in existence since 1938; that the partnership bought the Mercury automobile in question and it was maintained with partnership funds. Wyatt was the manager of the partnership and used the Mercury in connection with partnership business. It was not kept in a garage, and was parked during working hours at or near the partnership office, and near the home of Wyatt when not in use. There is no evidence that anyone else used the Mercury except Wyatt and prior to April 16, 1955, it had seldom been used except for partnership business in the local area. On the 16th of April, 1955, Wyatt left Frederick in the Mercury for the purpose of driving to Oklahoma City to attend a Lions Club meeting. En route he collided with another automobile and was killed. One person in the other automobile was killed and two others seriously injured. Three personal injury actions were instituted against Wyatt's estate to recover damages for the death and injuries suffered in the collision. The plaintiff acknowledges liability under the Mercury policy but contends that the aforementioned "use of other automobiles" provisions in the policies covering the Buick and Ford pickup are not applicable.

 The essence of the defendant's contention is that the Mercury was owned by the partnership and that Wyatt's authorized use of it was limited to partnership business in the local area and that this did not constitute "furnished for regular use" as defined in the policy. In support of this contention, defendant relies upon the cases in which employees of an insured or individuals were permitted limited use of automobiles in connection with their employment, or otherwise, of which Pacific Automobile Ins. Co. v. Lewis, 56 Cal.App.2d 597, 132 P.2d 846, is typical.[2] There an employee, an automobile salesman, was permitted to use demonstrators of the agency which employed him. Some personal use was also permitted. The salesman obtained permission to use a demonstrator for a personal trip which had nothing to do with his employment. It was held that when an automobile was furnished exclusively for business purposes, it did not constitute "furnishing for regular use". There is little similarity in the facts of that case and the instant case. Although title to the Mercury was in the partnership, still each partner had an ownership interest in, and in the absence of an agreement to the contrary, had an equal right to control and possess it. 40 Am.Jur., Partnership, § 115. There is no master and servant relationship between the partners. Every member of a partner-

---

with respect to said automobile applies with respect to any other automobile, subject to the following provisions: * * * "

This provision is followed with this exception:

"(b) This insuring agreement does not apply:

"(1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use

to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse;"

2. Similar cases cited are: Travelers Indemnity Co. v. Pray, 6 Cir., 204 F.2d 821; Comunale v. Traders & General Ins. Co., 116 Cal.App.2d 198, 253 P.2d 495; Miller v. Farmers Mutual Automobile Ins. Co., 179 Kan. 50, 292 P.2d 711.

246

ship is a principal and has joint interest in the partnership property and is an agent for the partnership. Municipal Paving Co. v. Herring, 50 Okl. 470, 150 P. 1067. Wyatt, as a partner, had the right to designate how and when the Mercury should be used, unless agreed otherwise. Apparently the partners contemplated that the use of the Mercury would not be limited to business purposes because when the policy was obtained, it recited that it was to be used for business and pleasure. The obvious purpose of the "other car" provisions, with the exceptions, is to provide coverage to a driver without additional premiums, for the occasional or infrequent driving of an automobile other than his own. They are not to take the place of insurance on automobiles which are furnished for the regular use of the insured. Lumbermens Mutual Casualty Co. v. Pulsifer, D.C.Me., 41 F.Supp. 249; Miller v. Farmers Mutual Automobile Ins. Co., 179 Kan. 50, 292 P.2d 711; Rodenkirk, for Use of Deitenbach v. State Farm Mut. Auto. Ins. Co., 325 Ill.App. 421, 60 N.E.2d 269; Farm Bureau Mutual Automobile Ins. Co. v. Boecher, Ohio App., 48 N.E.2d 895; Annotation 173 A.L.R. 904. The purpose is not to insure more than one car on a single policy.

We find no merit to the defendant's contention that there was a limitation on Wyatt's right to use the car. Without a showing to the contrary, as manager and partner he was one of the persons who determined when and how he was to use the Mercury. So far as the evidence discloses, he could use it for private purposes at any time, he had full control over it, and the fact that he had not exercised his unrestricted right to use it is not important. Rodenkirk, for Use of Deitenbach v. State Farm Mut. Auto. Ins. Co., supra. The finding of the trial court is not clearly erroneous.

Affirmed.