**A. B. HANCOCK, Jr. and Waddell Walker Hancock, his wife, Plaintiffs,**

v.

**The WESTERN CASUALTY and SURETY COMPANY, Defendant.**

No. 1201.

United States District Court
E. D. Kentucky,
Lexington.

Aug. 1, 1957.

Stoll, Keenon & Park, Lexington, Ky., John L. Davis, Lexington, Ky., for plaintiff.

J. W. Knippenberg, Lexington, Ky., for defendant.

FORD, Chief Judge.

 This is a civil action between citizens of different states where the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs. It was removed from the Bourbon County Kentucky Circuit Court and this Court has jurisdiction of the parties and the subject matter. 28 U.S.C.A. § 1332.

The action requires interpretation of an identical exception clause appearing in the extended coverage provisions of two automobile liability insurance policies issued by the defendant.

Policy No. UI 385209 was issued to the plaintiffs, Mr. and Mrs. A. B. Hancock, Jr., on a 1954 Cadillac Four Door Sedan, and Policy No. UI 360474 was issued to A. B. Hancock, Jr., on a 1954 Chevrolet Bel Air Station Wagon. Subject to policy limits in respect to amount, both policies cover all reasonable expenses incurred for necessary medical, hospital and nursing services to or for the insured and each person sustaining bodily injury or illness caused by an accident while in the automobile if it is being used by the named insured. Both policies also contain a clause extending to the insured such insurance as is afforded by the policies, for bodily injury, property damage and medical payments while using any automobile other than that described in the policies, subject however to certain exceptions. The only exception which seems here pertinent is as follows:

"V(b) This insuring agreement does not apply: (1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse: * * *."

By Stipulation filed in the record, the parties have agreed as to all of the facts and attendant circumstances in respect to an automobile accident which has given rise to this litigation. The accident occurred in Florida on February 19, 1955, while Mr. Hancock was driving a leased station wagon, as the result of which both Mr. and Mrs. Hancock suffered serious personal injuries and incurred hospital, nursing and doctors' expenses.

The Court adopts as its findings herein the facts set out in the Stipulation as follows:

"Stipulation

"It is stipulated and agreed by and between the parties hereto as follows, to-wit:

"The issuance and existence of the policies of insurance of Western Casualty Insurance Company as alleged in the complaint is admitted.

"In January or February of 1955 the plaintiffs, Mr. and Mrs. Hancock, went to Florida for a vacation. They were accompanied by their children and a man-servant and two women domestics. About January 15, 1955 Mrs. Hancock rented, by a written lease contract from Nichols U-Drive-It Company, a Ford station wagon. A copy of the rental contract is filed and made a part of this stipulation, marked Exhibit No. 1. This car was rented by Mrs. Hancock for the use of the servants in their work for the Hancocks and for their personal use after working hours, as the Hancocks did not desire that the servants use a Cadillac automobile which they had taken to Florida for this purpose. The requirements of the servants for the use of the station wagon were such that at practically all times it was necessary to keep the station wagon available for their use, and with the exception of one other occa-

sion on which Mr. Hancock drove the children to school, the night of February 19th, 1955, was the only occasion on which he used the station wagon. The station wagon was kept and garaged at the house the Hancocks leased in Delray. On February 19, 1955, Mr. Hancock directed the servants to take the Cadillac in the afternoon, since no car would have been necessary for Mr. Hancock's use. He could have directed them at any time to use the Cadillac but certainly would not have if an automobile was necessary for his use.

"Mr. and Mrs. Hancock had rented for their stay in Florida a house in Delray Beach. On February 19, 1955 the Hancocks intended to attend the races at the Hialeah Race Track near Miami. The children were to go to West Palm Beach, Florida on that day and, in order to avoid putting extra mileage on the leased station wagon, the servants took the Cadillac car to drive the children to Palm Beach. The Hancocks were to go by train from Delray to Hialeah and Mrs. Hancock drove the station wagon to the train station at Delray where Mr. Hancock met her and they caught the train. It was the plan that, when they returned from the races, the Hancocks would pick up the Cadillac car and give the station wagon back to the servants. However, the train was late and when the Hancocks got back to Delray, the servants had left with the Cadillac to take the children to a drive-in theater.

"The Hancocks were going to a dinner party that night and, since the servants had left with the Cadillac, they drove the station wagon to the dinner party. When leaving the dinner party Mr. Hancock was driving the leased station wagon and suffered a serious automobile accident in which both he and Mrs. Hancock received personal injuries. As a result of these injuries both Mr. and Mrs. Hancock have each incurred expenses in excess of $4,000.00 by way of hospital, nurses and doctors' bills.

"Mr. Hancock would testify that this particular occasion is the only occasion that he remembers driving the station wagon, but would testify that he might have driven it on one other occasion.

"As a result of the accident suit was filed in the Palm Beach County, Florida Circuit Court by Bryan Lee, a minor, and L. B. Lee, his father, against Arthur Boyd Hancock, Jr., and E. B. Nichols for damages arising out of the accident. Bryan Lee was a passenger in the other automobile involved in the accident. This suit was compromised for the sum of $2,500.00, which was paid by Mr. Hancock under the terms of a loan agreement entered into between Mr. Hancock and the Continental Casualty Company, which had issued a liability policy covering the rented car. The loan agreement is filed herewith as part of this stipulation, marked Exhibit No. 2.

"It is stipulated further that the copy of the policy issued by Continental Casualty Company, which is in the record with the plaintiffs' request for admission of fact, is a true and correct copy of the Continental Casualty Company's policy then in force covering the leased automobile.

"The two policies issued by the defendant company and the policy issued by the Continental Casualty Company all contained a provision that the coverage afforded by the respective policies was excess coverage over any other valid and collectible insurance. Under such circumstances where all of the policies contain an excess clause, the liability is treated as though they each afforded primary coverage and the liability is prorated between them. Therefore, if coverage was afforded by the Western Casualty Company's policies, one-half of the sum of $2,500.00 advanced by Mr. Hancock under the loan agreement should be reimbursed, or $1,250.00 should be reimbursed to Mr. Hancock by Western Casualty & Surety Company.

"This particular leasing of the station wagon in Florida was the only occasion that Mr. and Mrs. Hancock had ever used rented automobiles with the exception of leasing an automobile in Florida during the preceding winter for the period of one week.

"The policy of insurance issued by the defendant company to Mr. Hancock covering the Chevrolet station wagon is filed herewith as part of this stipulation, marked Exhibit No. 3, and the policy of insurance covering the Cadillac automobile was in exactly the same form and afforded the same coverage. These policies of insurance constitute the entire insurance contract.

"The Ford automobile leased in Florida was not rented on a daily basis. It was rented by the week with the privilege of taking it back at any time the Hancocks desired."

It thus appears that the only question presented is whether, at the time of the accident, A. B. Hancock, Jr., the insured, was using an automobile which was "hired as part of a frequent use of hired automobiles" by him.

According to the Stipulation, Mr. Hancock had used the station wagon referred to on, perhaps, one other occasion during this particular vacation and he and his wife had used a hired automobile for a week during a previous Florida vacation. The facts do not establish that his use of the automobile here involved was part of a frequent use of hired automobiles by him. "Frequent" means habitual or persistent, often repeated or occurring. Webster's New International Dictionary, second edition, unabridged.

It seems obvious that the purpose of the extension provisions of the policy is to cover such occasional or incidental use of other cars as shown by the facts of this case and the exclusion is designed to avoid subjecting the Insurance Company to the greatly added risk which would arise if the use were so frequently repeated as to be habitual or persistent. The language of the exception makes frequent use the test, not availability for frequent use. Hired automobiles are always available.

It is stipulated that the station wagon was hired by Mrs. Hancock "for the use of the servants in their work for the Hancocks and for their personal use after working hours", but an automobile so hired or furnished is expressly excluded from the exception.

For the reasons indicated, I am of the opinion that, under the facts disclosed by the stipulation, the plaintiff A. B. Hancock, Jr., is entitled to judgment against the defendant in the sum of $4,000 for hospital and medical expenses, and the further sum of $1,250 for one-half the sum advanced by Mr. Hancock under the loan agreement set out in the Stipulation, amounting in all to $5,250, and that the plaintiff Waddell Walker Hancock is entitled to judgment against the defendant in the sum of $4,000 for her hospital and medical expenses.

Counsel for plaintiffs will prepare, serve and submit for entry judgment in conformity herewith.