[No. 35724. Department Two. April 6, 1961.]

ROBERT B. PALMER, *Appellant,* v. GLENS FALLS INSURANCE COMPANY, *Respondent.*\*

*Taylor & Taylor,* for appellant.

*Lycette, Diamond & Sylvester* and *Earle W. Zinn,* for respondent.

MALLERY, J.—The plaintiff brought this action against the defendant insurance company for reimbursement for money he had paid on a judgment in an action arising out of an automobile collision. His cause of action was predi-

\*Reported in 360 P. (2d) 742.

cated on the provisions of a policy with the defendant insurance company for public liability on his 1957 Chevrolet automobile. The policy contained a "Use of Other Automobiles" clause under which he would be covered with public indemnity while driving any automobile other than the one specifically named in the policy. The coverage, however, was limited by the following exclusionary clause:

"(d) This insuring agreement does not apply:

"(1) to any automobile owned by or *furnished for regular use* to . . . the named insured . . ." (Italics ours.)

The plaintiff had borrowed his son-in-law's 1956 Chevrolet automobile and used it regularly in his business for over two months. However, on July 21, 1959, the plaintiff informed his son-in-law that the borrowed automobile was in need of repairs. The son-in-law specifically authorized the plaintiff to repair the automobile at a repair shop on 15th avenue, north, and east Republican street in Seattle. On the way to the shop the next day, the plaintiff collided with a Seattle city truck. Eddie Rye, a passenger in the truck, was injured and obtained a $7,000 judgment against the plaintiff for personal injuries. The defendant insurance company conducted the defense for the plaintiff in that action with the reservation, however, that it was not conceding its liability. After entry of the Rye judgment, the plaintiff paid it, with costs included, in the amount of $7,107.50, and then asserted the defendant's liability in this action for indemnity.

The trial court granted the defendant's motion to dismiss the plaintiff's complaint upon the theory that the exclusionary clause set out therein constituted a defense to the cause of action as it was thus alleged.

The plaintiff by this appeal seeks to have the judgment of dismissal set aside and the defendant required to file an answer and proceed to trial.

We agree with the respondent's theory that the use of the automobile in the appellant's business was a *regular use* within the contemplation of the exclusionary clause,

and we further agree that things necessarily incident to the operation of an automobile is also incident to the business and is a regular use, since the automobile would be inoperable without them. Unfortunately for the respondent, the trip in question was not a routine one to a service station. The major repairs herein did not fall within an inferable understanding between the parties regarding the use of the automobile, such as service station service. This is made to appear from the fact that specific authorization and instructions were received relating thereto.

Our question is: Does the existence of a regular use of a borrowed automobile, which brings it under the exclusionary clause, preclude the possibility of a special use that is not within it?

We are persuaded that the reasoning in the California case of *Pacific Automobile Ins. Co. v. Lewis*, 56 Cal. App. (2d) 597, 132 P. (2d) 846, is sound. There, a salesman, who regularly drove a company automobile in his employment, was held not to be engaged in the regular use of it on a special occasion when, by special permission for one occasion only, he was permitted to take it for a private purpose on a personal visit. The court therein said:

"... But when a car thus furnished for such a use is driven to a distant point *on one occasion, with the special permission of the one furnishing the car,* that particular use would hardly seem to be a 'regular use' of the car. It cannot be said, as a matter of law, that such a use on a particular occasion, which is a departure from the customary use for which the car is furnished, is a regular use within the meaning of these clauses of the policies. . . ." (Italics ours.)

An agreement for a regular use of an automobile does not, in fact, preclude a special use of a different nature if it is specifically authorized for one occasion only. A major repair, which may or may not be necessary in any particular automobile and which is unpredictable, is not ordinarily part of an agreement for regular use. It might very well fall outside the general authorization for the automobile's use and require special authorization as was, in fact, given

in this case. The use of the automobile at the time of the collision was not *regular* within the meaning of the exclusionary clause.

Respondent contends that a failure to allege ownership of an automobile covered by a policy of the respondent is indispensable to the statement of a cause of action.

That is true, but we find no such omission. Paragraph No. 3 of the complaint alleges: "The automobile named in the policy is a 1957 Chevrolet sedan *owned by the plaintiff*." (Italics ours.) This is a sufficient allegation of ownership of an automobile covered by a policy. See Rule of Pleading, Practice and Procedure, 8 (f), RCW Vol. 0.

The judgment of dismissal is reversed, and the cause reinstated for further regular proceedings. Costs will abide the final disposition of the cause.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.