No. 21216.

BASIL LEO MCKINLEY *v.* COLORADO FARM BUREAU MUTUAL INSURANCE COMPANY, A COLORADO CORPORATION.
(431 P.2d 859)

Decided September 25, 1967.

530

SMITH and SMITH, for plaintiff in error.

HENRY BLICKHAHN, WORMWOOD, WOLVINGTON, RENNER and DOSH, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE plaintiff, McKinley, owned a 1961 Ford automobile and a 1963 Ford automobile. The defendant, Colorado Farm Bureau Mutual Insurance Company, insured each car under separate contracts which were identical except for the descriptions of the insured automobiles and the amounts of coverage under the respective medical payment provisions. Both policies were in force at the critical time. The policy covering the 1961 Ford (No. 46707) contained a $1000 medical payment provision, whereas the policy covering the 1963 Ford (No. 49791) had a $2000 medical payment limitation.

While driving the 1961 model automobile, plaintiff had an accident which resulted in personal injuries, the medical expenses of which exceeded $3000. The de-

fendant paid the $1000 under the terms of the policy covering the operation of the car actually involved in the accident. By this action the plaintiff seeks to recover an additional $2000 under the terms of the policy insuring the car he was not driving.

Both parties moved for summary judgment. There was agreement between the parties as to the facts. The trial court's findings of fact and conclusions of law contain a comprehensive analysis of the policy provisions. The court resolved the question of law in favor of the defendant, denying the plaintiff's claim. We affirm.

The court, in its findings, set forth the contentions of the respective parties succinctly, in this fashion:

"* * * As a result of his accident, the plaintiff incurred medical expenses in excess of $3,000.00, and contends that because of certain ambiguities in the policies which should be construed in his favor, he is entitled, in effect, to recover the medical payments coverage under both policies.

"The defendant contends that its liability is limited to the described automobile, and the coverage to which plaintiff is entitled is limited to the maximum coverage provided by the policy on the vehicle being driven at the time of the accident, since the policy does not extend to other vehicles owned by the insured."

The medical payments coverage is defined by "Coverage C" of the policy, in pertinent part, thusly:

"To pay all reasonable expenses incurred * * * for necessary medical * * * services, to or for each person who sustains bodily injury * * * caused by accident, while in or upon, or while entering into or alighting from *the automobile* * * *." (Emphasis added.)

Part IV of the policy, which defines "Automobile," in part, gives rise to the problem presented here. It reads: "AUTOMOBILE DEFINED * * *.

"(a) Except where stated to the contrary, the word 'automobile' means:

"(1) Described Automobile—the motor vehicle, tractor,

combine, harvesting machine, or trailer described in the declarations;

\* \* \*

"(4) Automobile Medical Payments — Coverage C — with respect to such bodily injury \* \* \* of the named insured \* \* \* the word 'automobile' also includes any land motor vehicle, or trailer not operated on rails \* \* \*."

Plaintiff, as to Policy No. 49791, contends that the language of subsection (4) above extends the coverage of the policy to "any land motor vehicle" and, of necessity, includes the vehicle he was driving at the time he sustained his injuries, in spite of the fact that it is not the vehicle described in that policy, but was the one described in Policy No. 46707.

██ In disposing of this contention, the trial court noted:

"\* \* \* The argument is persuasive until we examine part V. of the insuring agreement, which plaintiff contends is unintelligible because of its punctuation, which will be discussed later herein. This provision reads as follows: 'V. Use of Other Automobiles. (1) \* \* \* Such insurance as is afforded by the policy for medical payments applies only if the injury results from the operation of such other automobile by the named insured \* \* \*. This insuring agreement does not apply̲.

"(a) *to any automobile owned by,* registered in the name of, or furnished for regular use to *such named insured* \* \* \*." (Emphasis added.)

The trial court continued:

"The resolution of this controversy lies in the construction of Part V of the policy relating to 'Use of Other Automobiles', because of the curious punctuation above. We have underlined the offending period. Obviously, if the sentence, 'This insuring agreement does not apply.' is read with a period at the end of the sentence, it makes no sense, and by the period, the agreement is effectively cut off from following sub-paragraph (a). If the period is read as a colon or as a comma, then the sen-

tence reads, 'This insuring agreement does not apply: (a) to any automobile owned by, registered in the name of, or furnished for regular use to such named insured * * *.' So read, the provisions are clear and unambiguous and clearly indicate a limitation on the broad extended coverage of the preceding paragraph, excluding the broad form coverage on use of other vehicles from applying to another vehicle owned by the named insured. There is no question here but that plaintiff is the named insured in both policies, and is the owner of both insured vehicles.

"Hence, determination of the question becomes one of punctuation. We find no Colorado decision helpful in resolving this question. However, the general rule is that punctuation will not control or change a meaning which is plain from the consideration of the whole document and the circumstances. See 13 C.J. 535."

 The trial court relied, in part, on *Holmes v. Phenix Ins. Co.*, 98 F. 240, 47 L. R. A. 308, which is the leading case on "punctuation." In that decision the United States Court of Appeals for the Eighth Circuit noted that:

"* * * in a contract the words, and not the punctuation, are the controlling guide in its construction. Punctuation is no part of the English language. The supreme court says that it 'is a most fallible guide by which to interpret a writing.' Ewing's Lessee v. Burnet, 11 Pet. 41, 54, 9 L. Ed. 624. The Century Dictionary tells us, what is common knowledge, that 'there is still much uncertainty and arbitrariness in punctuation.' It is always subordinate to the text, and is never allowed to control its meaning. The court will take the contract by its four corners, and determine its meaning from its language, and, having ascertained from the arrangement of its words what its meaning is, will construe it accordingly, without regard to the punctuation marks, or the want of them. The sense of a contract is gathered from its words and their relation to each other, and, after that

534

has been done, punctuation may be used to more readily point out the division in the sentences and parts of sentences. But the words control the punctuation marks, and not the punctuation marks the words * * *."

See also *Stoddard v. Golden*, 179 Cal. 663, 178 P. 707; *Anderson-Kerr Drilling Co. v. Bruhlmeyer*, 134 Tex. 574, 136 S.W.2d 800, 127 A. L. R. 1217.

Other courts, under circumstances similar to those here, in order to effectuate the intent of the parties, have inserted or changed the punctuation. See *English v. McNair*, 34 Ala. 40; also, annotation: 3 A.L.R. 1062, 1068.

■ The plaintiff insists that there is an ambiguity in the policy, so, consequently the court must construe the policy. We disagree.

■ The trial court, in concluding its opinion, observed:

"Applying this wise rule to the contract in hand, it is apparent that the use of a period instead of a colon or a comma as noted in Part V, must be ignored and the words, text and arrangement of the words must control over the obvious misuse of punctuation. Application of this rule removes any possible ambiguity, and necessarily means that coverage is excluded from vehicles other than the described automobile under the facts of this case, and that plaintiff cannot recover."

We agree with both the reasoning and the conclusion of the trial court.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.