[No. 37132.   Department Two.   November 19, 1964.]

COAST SASH AND DOOR COMPANY, *Respondent,* v. STROM CONSTRUCTION COMPANY, INC., *Appellant.**

*Comfort, Dolack & Hansler* (*Robert A. Comfort,* of counsel), for appellant.

*Thomas C. Lowry* (of *Lee, Krilich & Anderson*), for respondent.

OTT, C. J.—The Strom Construction Company was awarded the general contract for the construction of the Perry G. Keithley Junior High School at Parkland, Washington. Strom Construction Company subcontracted all of the millwork and certain materials to Coast Sash and Door

*Reported in 396 P. (2d) 803.

Company for $45,750. The general contract with the school district provided in part:

*"Article 2. Time of Completion*—The work to be performed under this Contract shall be commenced on a date to be specified in the work order, and shall be completed on or before Sept. 1, 1961.

"If the Contractor shall neglect, fail or refuse to complete the work within the time herein specified, then the Contractor does hereby agree to pay to the Owner the sum of seventy-five dollars ($75.00) for each and every calendar day that the Contractor shall be in default after the time above stipulated for completing the work, not as a penalty, but as liquidated damages for the breach of the Contract as herein set forth and as specified in the Contract Documents.

". . .

"ARTICLE 37

"RELATIONS OF CONTRACTOR AND SUBCONTRACTOR

"The Contractor agrees to bind every Subcontractor and every Subcontractor agrees to be bound by the terms of the Agreement, the General Conditions of the Contract, the Supplementary General Conditions, the Drawings and Specifications as far as applicable to his work, including the following provisions of this article, unless specifically noted to the contrary in a subcontract approved in writing as adequate by the Owner or Architect.

". . .

"The Contractor agrees—

". . .

"k) To make no demand for liquidated damages or penalty for delay in any sum in excess of such amount as may be specifically named in the subcontract."

The subcontract between Strom Construction Company and Coast Sash and Door Company provided in part:

"It is agreed that, should liquidated damages be assessed this firm [Strom] for delay due to your [Coast's] failure to provide the material described above, including required installation, by the time you are notified that such material is to be installed, such liquidated damages will be paid by your firm."

The Strom Construction Company will hereafter be referred to as Strom, and Coast Sash and Door Company as Coast.

Coast did not complete the performance of its subcontract "by the time . . . notified." Nevertheless Strom did timely complete its prime contract by September 1, 1961, and no liquidated damages were assessed against Strom by the school district. Strom withheld $1,700 from the payment due Coast, contending that it had incurred actual damages in this amount as the result of Coast's failure to complete its subcontract "by the time . . . notified."

Coast commenced this action to recover the amount withheld on its subcontract. Strom answered and admitted the amount was withheld, and cross-complained for its actual damages in the amount of $1,700 resulting from the alleged delay. Coast moved for summary judgment, contending that, pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, there was no disputed issue of fact; that, as a matter of law, Article 37, subd. k, of the prime contract, and the above-quoted section of the subcontract, limited Strom's right to recover damages from Coast to the amount of damages assessed against Strom by the school district; that, since the prime contract was completed within the specified time, Strom was not required to pay liquidated damages, and that the contractual condition upon which Coast would have been required to pay damages never occurred.

The court granted the motion and, from the judgment entered in favor of Coast, Strom has appealed.

This appeal presents a single issue: Was the entry of summary judgment proper? We answer the query in the affirmative.

Parties may incorporate in contracts any provisions which are not illegal or against public policy. *Slemmons v. Shotwell*, 64 Wn. (2d) 595, 597, 392 P. (2d) 1007 (1964), and cases cited. It is not illegal or against public policy for parties to incorporate in a contract the conditions upon which damages will be assessed for failure timely to perform. That Coast might fail to perform its subcontract "by the time . . . notified" was within the

·contemplation of the parties, and provision for such a contingency was incorporated in the contract.

Strom contracted with Coast "To make no demand for liquidated damages or penalty for delay in any sum in excess of such amount as may be specifically named in the subcontract." The subcontract provided that the recovery of damages for delay would be limited to the liquidated damages, if any, that Strom was required to pay to the school district.

■ In *Management, Inc. v. Schassberger*, 39 Wn. (2d) 321, 327, 235 P. (2d) 293 (1951), we said:

"  .   .   . At the present time it may be said that the courts

" ' ".   .   . look with candor, if not with favor, upon such provisions in contracts when deliberately entered into between parties who have equality of opportunity for understanding and insisting upon their rights, as promoting prompt performance of contracts and because adjusting in advance, and amicably, matters the settlement of which through courts would often involve difficulty, uncertainty, delay and expense." ' *Wise v. United States*, 249 U. S. 361, 63 L. Ed. 647, 39 S. Ct. 303, as quoted in *Meuwissen v. H. E. Westerman Lbr. Co.*, 218 Minn. 477, 484, 16 N. W. (2d) 546."

See, also, *Wai v. Parks*, 43 Wn. (2d) 562, 262 P. (2d) 196 (1953); Oleck, Damages to Persons and Property (1961 Rev. ed.) § 164, p. 214; 34 Wash. L. Rev. 501.

■ It is not the function of the courts to write into a contract provisions which the parties, in "insisting upon their rights," did not incorporate therein when the subject matter was being considered and agreed upon prior to executing the contract. Should the contract in the instant case, which provides for liquidated damages, be construed to allow actual damages for the same breach, it would be tantamount to rewriting the contract for the parties.

For the reasons stated, the judgment of the trial court is affirmed.

FINLEY, WEAVER, and HAMILTON, JJ., and FOLEY, J. Pro Tem., concur.