[No. 156-40525-2.    Division Two.    July 3, 1970.]

THOMAS A. MURRAY, *Respondent,* v. WESTERN PACIFIC IN-SURANCE COMPANY, *Appellant.*

*Merrick, Johnson, Burgess & Hofstedt, F. Ross Burgess,* and *Linda Dawson,* for appellant.

*Burkey, Marsico, Rovai & McGoffin* and *Robert L. Rovai,* for respondent.

ARMSTRONG, C. J.—Defendant, Western Pacific Insurance Company, appeals from an order granting plaintiff's motion for summary judgment and dismissing defendant's motion for summary judgment.

Plaintiff, Thomas A. Murray, through his guardian ad litem, brought a declaratory judgment action against defendant seeking coverage under an automobile insurance policy issued by defendant to the owner of a vehicle in which plaintiff was riding when he suffered bodily injuries as the result of a collision. The trial court's order directed defendant insurance company to pay plaintiff's medical expenses under the medical payments coverage and to arbitrate plaintiff's uninsured motorist claim.

Defendant issued an automobile insurance policy to H. W. and A. C. Reece, as named insured, covering a 1951 Chevrolet pickup truck and another automobile. Among other coverages, the policy provided for medical payments, uninsured motorist and liability coverage. The following exclusionary endorsement was attached to the policy when delivered:

### YOUTHFUL DRIVER — LIMITATION

It is agreed that while any automobile insured by the policy is being operated by any person under the age of twenty-five (25) years, then with respect to that automobile such insurance as is afforded by the policy applies only to:

(1) The named insured, or

(2) Members of the insured's family by blood, marriage or adoption.

It is further agreed that in the event the exclusion of coverage for a person under the age of twenty-five (25) years, as set forth in the preceding paragraph of this

endorsement, is held to be invalid and inoperative by final judicial decision by reason of violation of the provisions respecting motor vehicle liability policies as contained in the Motor Vehicle Financial Responsibility Law or any other law, then such insurance as is afforded by the policy for such excluded person is subject to the following provisions:

(A) The limit of the company's liability for bodily injury liability and property damage liability insurance shall not exceed the amounts required by said Motor Vehicle Financial Responsibility Law, and the limits of liability stated in the declarations of this policy or any amendment thereof shall not apply.

(B) Irrespective of anything stated in the "other insurance" provision of the policy to the contrary, such insurance as is afforded by the policy for bodily injury liability or property damage liability shall apply only as excess insurance over any other valid and collectible insurance, regardless of whether such other insurance is stated to be excess insurance or otherwise, and the insurance afforded by this policy shall not apply until such other insurance has been exhausted.

It is further agreed that the terms and conditions of this endorsement shall not apply:

(1) If the vehicle is being used by such person in the pursuit of the business of the named insured (except military business) or

(2) If the insured and all members of his household are twenty-five (25) years of age or older.

During the term of the policy, on September 10, 1967, the named insured's 17-year-old daughter, Susan Reece, was driving the Chevrolet pickup when it was involved in a collision with another automobile in Tacoma, Washington. Plaintiff, Thomas Murray, was injured while riding as a passenger in the Reece automobile. The driver of the adverse automobile, Frederick R. Blanchard, was responsible for the accident. Mr. Blanchard signed an affidavit that at the time of the accident he was the owner and operator of the adverse vehicle and that he was uninsured. The automobile was not, however, registered in his name with the state Department of Motor Vehicles on the date of the accident.

Plaintiff made claim against defendant insurance company for payment of his medical expenses under the medical payment provisions[1] and for damages under the uninsured motorist provisions[2] of the policy covering the Reece automobile. Defendant denied the claims stating that there was no coverage for plaintiff under the terms of the exclusionary endorsement.

Defendant's four assignments of error raise three contentions:

(1) The youthful driver endorsement is a clear, undisputed fact which is free from ambiguity and, as a matter of law, it compels a denial of coverage to plaintiff.

(2) Assuming for argument that the youthful driver endorsement is subject to more than one construction, the trial court erred, at the summary judgment stage, in granting plaintiff's motion since such a procedure would require the evidence and its inferences to be interpreted in favor of defendant—the nonmoving party.

---

[1]Relevant Portions of the medical payment coverage provide:

"COVERAGE B — MEDICAL PAYMENTS

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, dental, surgical, . . .

". . .

"Division 2. To or for any other person who sustains bodily injury, caused by accident, *while occupying*

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; . . ." (Italics ours.)

[2]Relevant portions of the uninsured motorist provisions provide:

"COVERAGE C — FAMILY PROTECTION (Damages for Bodily Injury)

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, . . .

". . .

"DEFINITIONS

". . .

" 'Insured' means

"(a) the named insured and any relative;

"(b) *any other person while occupying* an insured automobile; and

"(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this part applies sustained by an insured under (a) or (b) above." (Italics ours.)

(3) The question of ownership of the vehicle created an issue of fact.

We shall consider these contentions in order.

Defendant's first contention, that the youthful driver endorsement compels a denial of coverage, assumes that it is unambiguous and capable of being understood only as denying coverage to anyone who is not the named insured or a member of the insured's family by blood, marriage or adoption if the automobile is being operated by a driver under 25 years of age. The result of the construction urged by defendant insurance company would exclude occupants of the automobile from coverage under the medical payment and uninsured motorist provisions of the policy even though the underage driver would be covered by both provisions.

█ We concede that the policy, as amended by the youthful driver endorsement, could be read in that manner and probably the defendant intended it to so restrict coverage. We believe, however, that this would require a technical interpretation of the youthful driver endorsement. Furthermore, we find the endorsement creates an ambiguity in the policy with reference to the coverage provided a passenger in an insured automobile which is being driven by an underage driver who has coverage under the policy. A written instrument is ambiguous when its terms are uncertain or capable of being understood as having more than one meaning. *Ladum v. Utility Cartage, Inc.*, 68 Wn.2d 109, 411 P.2d 868 (1966).

█ We quote again that portion of the youthful driver endorsement which is probably the most serious subject of ambiguity.

It is agreed that while any automobile insured by the policy is being operated by any person under the age of twenty-five (25) years, then with respect to that automobile such insurance as is afforded by the policy applies only to:

(1) The named insured, or

(2) Members of the insured's family by blood, marriage or adoption.

At the outset of this analysis we must remember the rule of construction that "the language of insurance policies is to be interpreted in accordance with the way it would be understood by the average man, rather than in a technical sense." *Zinn v. Equitable Life Ins. Co.,* 6 Wn.2d 379, 384, 107 P.2d 921 (1940).

While we agree that the youthful driver endorsement could be read as defendant contends, we believe that it could also be read to mean that coverage under the policy would be suspended only if the automobile is being driven by a driver under the age of 25 who is not a member of the family of the named insured.

This is not the only uncertainty of meaning in the youthful driver endorsement. An occupant of the insured automobile is an "insured" under the terms of the medical payments coverage, and this is even more specifically spelled out in the uninsured motorist coverage which provides: " 'Insured' means . . . any other person while occupying an insured automobile".

The youthful driver endorsement contains no definition of "insured". The endorsement can be read to restrict coverage if the vehicle is driven by one under 25 years of age to:

(1) The *named insured,* or

(2) Members of the *insured's* family by blood, marriage or adoption.

Defendant's counsel in oral argument ably endeavored to answer this ambiguity by pointing out that when one analyzes the entire content of the endorsement it becomes obvious that "insured" in (2) set out above, means "named insured". We agree that the endorsement can be read in that manner by a skilled lawyer.

The endorsement, however, does not define "insured" and does not clearly and unequivocally exclude the plaintiff occupant of the car from coverage as an "insured" under the circumstances of this case. The medical payments and uninsured motorist sections do define "insured" and plain-

tiff occupant is clearly included in those sections of the policy.

██ Our statement in *Holter v. National Union Fire Ins. Co.,* 1 Wn. App. 46, 50, 459 P.2d 61 (1969), is equally applicable to this ambiguity:

> In the absence of anything in the context of a contract clearly indicating a contrary intent, when the same word is used in different parts of the contract, it will be presumed to be used in the same sense throughout the contract. Where its meaning in one instance is clear, that meaning will be attached to it in other parts of the contract. This rule of contract law has been applied to insurance policies. *Schweigert v. Beneficial Standard Life Ins. Co.,* 204 Ore. 294, 282 P.2d 621 (1955); 1 R. Anderson, Couch on Insurance 2d, § 15:19 (1959).

There is yet another source of uncertainty of meaning in the youthful driver endorsement. In almost all instances in which such endorsements have been considered in the courts of our nation, the restriction has been directed toward liability created by the careless acts of the youthful driver. We can find no cases in our nation in which such an endorsement has excluded coverage for an occupant of an automobile when the youthful driver was himself covered by the policy.

We do not question the right of an insurance company to restrict insurance coverage by the use of a youthful driver exclusionary clause. It is well recognized that the youthful driver presents a greater risk in the operation of an automobile. If an insurance company, however, wishes to exclude coverage to an insured occupant, when the youthful driver and the automobile remain insured, it must do so by an exclusionary clause which can be clearly understood by the average man purchasing insurance. *Zinn v. Equitable Life Ins. Co., supra.*

We conclude that the youthful driver exclusionary endorsement is ambiguous because its terms are uncertain and it is capable of being understood as having more than one meaning as it applies to an occupant of a vehicle driven by an insured underage driver.

Although a careful technical analysis can support the meaning sought by the defendant insurance company, it is more likely that the average man purchasing insurance would believe that it meant that coverage under the policy would be suspended only if the automobile was being driven by a driver under the age of 25 years, who was not a member of the family of the named insured.

■    Having found that the youthful driver exclusionary clause is susceptible of more than one meaning, we are confronted with the well-recognized rule that exclusionary clauses in insurance policies are construed most strongly against the insurer. If there is room for two constructions —one favorable to the insured and the other in favor of the insurer, we must adopt the construction favorable to the insured. *Brown v. Underwriters at Lloyd's,* 53 Wn.2d 142, 332 P.2d 228 (1958); *Holter v. National Union Fire Ins. Co., supra.*

Defendant next contends that if we find that the youthful driver endorsement is ambiguous, we must find that the trial court erred in granting a summary judgment on plaintiff's motion since such a procedure would require the evidence and its inferences to be interpreted in favor of the defendant—the nonmoving party.

Defendant's argument ignores the central issue before the court—the legal effect of the youthful driver exclusionary endorsement. We are confronted not with an issue of fact but with the interpretation of the insurance contract.

■    The interpretation or construction of a written contract is a question of law for the court. *See In re Estate of Larson,* 71 Wn.2d 349, 428 P.2d 558 (1967). If a written contract is ambiguous and there is extrinsic evidence as to intention or the responsibilities and duties of the respective parties, an issue of fact may be created. *Durand v. Heney,* 33 Wash. 38, 73 P. 775 (1903). However, there was no affidavit presented which demonstrated the need of extrinsic evidence in this case. In the absence of collateral facts or extrinsic circumstances which might create a disputed factual issue, the determination of whether a written con-

tract is ambiguous and the resolution of such ambiguity is a question of law for the court. *See Ladum v. Utility Cartage, Inc., supra; Keeter v. John Griffith, Inc.,* 40 Wn.2d 128, 241 P.2d 213 (1952). Summary judgment is proper when the only dispute relates to the legal effect of language in a written contract. *See Coast Sash & Door Co. v. Strom Constr. Co.* 65 Wn.2d 279, 396 P.2d 803 (1964); *Guy Stickney, Inc., v. Underwood,* 67 Wn.2d 824, 410 P.2d 7 (1966).

Defendant's last contention is that the disputed question of registered ownership of the adverse vehicle on the date of the collision created a disputed issue of material fact and therefore summary judgment would not be the proper remedy.

The affidavit of Frederick R. Blanchard stated that he was the owner and operator of the automobile which collided with the Reece automobile on September 10, 1967 and that his automobile was not insured nor did he have any liability insurance of his own.

The only controverting evidence was an affidavit of the Department of Motor Vehicles which raised an issue of the ownership of the automobile on the date of the collision. Records of the department show the transfer to Mr. Blanchard to have occurred on September 29, 1967. No controverting facts were presented as to the existence of insurance on the adverse vehicle on the date of the collision.

The ownership of the vehicle on the date of the collision does not meet the central issue of whether Mr. Blanchard was the "owner or operator of an uninsured automobile", as the uninsured motorist section requires. His affidavit clearly establishes that he was the owner and operator of an uninsured automobile. Even though the licensing regulations show him as the owner as of September 29, 1967 instead of September 10, 1967, he was the undisputed operator of an uninsured automobile on the date in question, and the policy requirements were satisfied.

Since there was no disputed issue of material fact the summary judgment was the proper remedy.

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.