[Nos. 143-40853-2, 144-40854-2.   Division Two.   August 31, 1970.]

GRACE L. STEINER, *Individually and as Guardian, Respondent,* v. R. D. FITZGERALD *et al., Appellants.*

R. D. FITZGERALD *et al., Appellants,* v. GRACE L. STEINER, *Individually and as Guardian, Respondent.*

*Merrick, Johnson, Burgess & Hofstedt* and *H. Roland Hofstedt,* for appellants.

*Olwell, Boyle & Hattrup* and *Clinton H. Hattrup,* for respondent.

PETRIE, J.—For ease of presentation, the parties hereto will be referred to as "Buyer" and "Seller". Having unconditionally exercised an option to purchase the residence which he had been occupying for a year under a lease from seller, buyer, R. D. Fitzgerald and wife, sought financing of the purchase price from a mortgage company. When notified that buyer's mortgage was to be insured by Federal Housing Administration, seller, Grace L. Steiner, objected to any reduction in the amount of the sales price to the extent of a "mortgage discount" required by the loan company before loaning its money under F.H.A. terms. Buyer, on the other hand, insisted that under the option agreement he was not obliged to obtain discount-free financing.

Two actions evolved from this basic disagreement. Seller filed an action for unlawful detainer and buyer instituted an action for specific performance of the contract. We consider the latter first.

Buyer's crucial pleading in the complaint for specific performance alleges that he has obtained the necessary financing to purchase the property; that he has complied with all the terms of the agreement;[1] and that seller has refused to

---

[1]So far as the option is concerned, the agreement reads:

"FOR AND IN CONSIDERATION OF THE PREMISES and of the execution of said lease, said Lessor does hereby give and grant unto said Lessee the exclusive right, privilege and option to purchase said real property on or before July 31, 1968, for a consideration of TWENTY-FIVE THOUSAND FIVE HUNDRED DOLLARS ($25,500.00). Said option shall be exercised by Lessee giving to Lessor thirty days written notice of Lessee's intention to exercise. Buyer shall receive a credit on the purchase price of ONE

comply with the terms of the agreement. Seller denied these allegations, and in addition, moved for summary judgment of dismissal based upon the pleadings and upon an affidavit by seller's counsel that he had been advised by buyer's counsel that buyer would stand on his position that seller "must accept an F.H.A. discount". Attached to the affidavit was a proposed closing statement indicating a mortgage discount in the amount of $1,398 would be deducted from the sale price.

Prior to hearing on the motion for summary judgment, buyer moved to consolidate the two actions. The trial court, in effect, denied the consolidation request by granting sell-

HUNDRED DOLLARS ($100.00) per month less interest on said credited amount computed at the rate of 6¾% per annum from the date of this agreement to the date of closing.

"Title of Seller is to be free of encumbrances. Rights reserved in Federal patents or State deeds, building or use restrictions general to the district, existing easements not inconsistent with purchaser's use, and building or zoning regulations or provisions shall not be deemed encumbrances or defects. Encumbrances to be discharged by Seller may be paid out of purchase money at date of closing. Seller shall make available to purchaser, as soon as procurable, a standard form purchaser's policy of title insurance or report preliminary thereto, issued by Pioneer National Title Insurance Company, showing title to be free of encumbrances as aforesaid. The sale shall be closed in the office of Olwell, Boyle & Hattrup, attorneys in Seattle, Washington, within fifteen days after title insurance policy or report preliminary thereto is delivered, showing title insurable as above provided, or after completion of financing, if financing is called for, whichever is later, but in any event not later than 120 days from the date Purchaser gives notice of election to exercise this option. Both parties will, upon demand, deposit in escrow with the closing agent all instruments and monies necessary to complete the purchase in accordance with this agreement. The cost of escrow shall be paid one-half be [*sic*] Seller and one-half by Purchaser.

"Taxes, insurance, interest, mortgage reserves, and any utility charges constituting a lien shall be pro rated as of closing.

"Seller reserves the right to remove one lilac tree, one fatsia, one tulip tree and one corkscrew willow.

"There are no verbal or other agreements which modify this agreement and time shall be the essence of this agreement.

"It is understood that the exercise of this option agreement shall be subject to the approval of the Superior Court of the State of Washington for King County. Seller agrees that she will cooperate fully in endeavoring to secure the approval of the court.

er's motion and dismissing the action for specific performance.

Since the buyer timely exercised his option to purchase, the only question on appeal is whether or not he properly sought fulfillment of the option.

■ The contract is complete within itself. Terms of the sale have been established by the contract. No evidentiary affidavits have been offered in opposition to the motion for summary judgment. Under such circumstances, the construction of the contract presents a question of law for the court and not a question of fact for the jury. *Epperly v. Seattle*, 65 Wn.2d 777, 399 P.2d 591 (1965); *Murray v. Western Pac. Ins. Co.*, 2 Wn. App. 985, 472 P.2d 611 (1970).

It is certainly true that where several reasonable inferences as to the ultimate *fact* may be inferred from undisputed evidentiary facts, summary judgment will not lie, because the trier of facts must weigh the reasonableness of the several inferences and choose from among them. *Sanders v. Day*, 2 Wn. App. 393, 468 P.2d 452 (1970); *Preston v. Duncan*, 55 Wn.2d 678, 349 P.2d 605 (1960). However, the trial court was not asked to determine an ultimate fact inferentially. The court was merely required to interpret the contract as a matter of law and apply the admitted facts to that interpretation in order to ascertain whether or not the buyer sought to have the court specifically enforce the precise contract which existed between the parties.

■ We agree with the trial court's interpretation of the contract. Buyer has recourse to the courts to compel performance of the specific contract between the parties. The purchase price in the contract was explicit. The terms indicated what items might be deducted from that price at closing. Buyer herein is attempting to require seller to accept another deduction from the price neither specified in the contract nor required by any law which has been brought to our attention. We cannot recast the contract. The judgment of dismissal was properly entered.

Trial on the unlawful detainer action was held in another department of the Superior Court for King County. The

court felt compelled not to relitigate the question of interpretation of the contract. This was correct. Furthermore, the lease had expired by its own terms prior to the date on which the action was commenced. There is no contention that buyer had any right to possession other than such as may have existed under the contract. Buyer, holding over under an expired lease and having improperly sought fulfillment of his option to purchase, was no longer lawfully in possession of the premises. The trial court properly determined the reasonable rental during the period of unlawful possession.

Upon entry of the judgment awarding damages to seller (lessor), the court inadvertently assessed attorney fees in the amount of $250 against buyers. There is no statutory authority for assessment of such fees in this type action. They should be stricken from the judgment.

The judgment of dismissal of the specific performance action is affirmed; the judgment awarding damages in the unlawful detainer action is affirmed except as modified by striking the award for attorney fees.

ARMSTRONG, C. J., and PEARSON, J., concur.