[No. 406-2.    Division Two.    June 7, 1972.]

GEORGE D. POE & COMPANY, *Appellant,* v. STADIUM WAY PROPERTIES, *Respondent.*

*David J. Manger* (of *Oldfield & Manger*), for appellant.

*Gerald M. Hahn* (of *Oseran, Hahn & Kelley*), for respondent.

PEARSON, J.—Plaintiff, George D. Poe & Company, sued defendant, Stadium Way Properties, for the alleged breach of a rental agency agreement and defendant's alleged prevention of plaintiff from performing its duties under the contract. Summary judgment was entered, dismissing plaintiff's complaint. The question presented on appeal is whether there was an issue of material fact arising because of an ambiguity in the contract. It is our view that the summary judgment should be affirmed.

The agreement was entered into originally between plaintiff and a Mr. and Mrs. J. E. Meaker in 1953. Plaintiff had negotiated a lease with Pacific Telephone & Telegraph Company, to occupy Meaker's building for 180 consecutive months, ending no later than November, 1968. The agreement provided that plaintiff was entitled to 5 per cent of the aggregate rentals, that plaintiff would manage the property, and would be the exclusive agent for collecting rents. Clause 4 of the agreement provided as follows:

> This agreement shall continue in full force and effect during the period in which the Pacific Telephone lease remains in effect and further continues during the period of any lease or leases subsequently negotiated by the broker covering any part of said property including renewals, modifications or extensions of the Pacific Telephone lease referred to above.

Later in 1953, defendant purchased the property from Meakers and succeeded to their rights and duties under the agreement. On October 25, 1967, defendant notified plaintiff by letter that the management agreement would not be renewed beyond its present term and that plaintiff was not to enter into any new lease negotiations with anyone. De-

fendant subsequently negotiated a second lease with Pacific Telephone and Telegraph without the assistance of plaintiff.

Plaintiff contends that it either possessed a right to manage the property in any new lease negotiated with Pacific Telephone & Telegraph, or if the right to manage only accrued in the event plaintiff negotiated the new lease, it was prevented from doing so by the defendant. These contentions can be considered valid only if clause 4 of the agreement can be construed to grant plaintiff rights and obligations beyond the term of the original Pacific Telephone & Telegraph lease. Plaintiff contends that clause 4 is ambiguous, and that an issue of material fact existed making summary judgment improper.

■ The party moving for a summary judgment has the burden of proving there is no genuine issue of material fact, and in ruling upon such a motion, the trial court must consider the evidence and all reasonable inferences most favorably for the nonmoving party. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963); *Diel v. Beekman,* 1 Wn. App. 874, 465 P.2d 212 (1970). Nevertheless, when the contract is read as a whole, plaintiff is granted no right to manage the property beyond the original lease term and is given no right to negotiate a new lease without the consent of defendant.

The agreement states:

> Lessors acknowledge that because of the services rendered by the broker *in the negotiation of the lease,* they are presently indebted to the broker in an amount equal to 5% of the aggregate rentals provided for by said lease.

(Italics ours.) Further, the agreement states:

> The Lessors and the broker wish to provide for a method of securing the payment of the amount due for said brokerage commission and for the collection of rentals and for the management of the entire property *during the period covered by this lease.*

(Italics ours.)

Clause 4, previously quoted, provides that the agreement remains in effect during the period of the original lease, and further continues during the period of any lease subsequently negotiated by plaintiff.

The only possible conclusion is that plaintiff possessed a right to manage during the original lease term, but possessed a further right to manage beyond the original lease term *only if* plaintiff negotiated a new lease. Nowhere is there language to suggest that plaintiff possessed a right to negotiate a new lease without defendant's consent.

Neither was any other evidence presented, by affidavit or otherwise, that indicated plaintiff possessed any greater rights than appear clear from the agreement. In the absence of collateral facts or extrinsic circumstances which might create a disputed factual issue, the determination of whether a written contract is ambiguous is a question of law for the court. *Murray v. Western Pac. Ins. Co.*, 2 Wn. App. 985, 472 P.2d 611 (1970). Even where some ambiguity exists, resolution of the ambiguity is still a question of law for the court, unless contradictory evidence is presented to clarify the ambiguity. *Nashem v. Jacobson,* 6 Wn. App. 363, 492 P.2d 1043 (1972).

Summary judgment is proper when the only dispute relates to the legal effect of language in a written contract. *Murray v. Western Pac. Ins. Co., supra.*

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.