[No. 7153-1. Division One. November 19, 1979.]

SUSAN S. STEPHENS LYNCH, *Respondent,* v. CHARLES T. CARROLL, ET AL, *Appellants.*

*Wettrick, Toulouse, Lirhus & Hove* and *R. Michael Stocking,* for appellants.

*A. Graham Greenlee,* for respondent.

WILLIAMS, J.—Susan S. Stephens Lynch brought this action for conversion of a $1,500 earnest money deposit against Charles and Claudia Carroll. The Carrolls answered generally, denying the claim, and counterclaimed to quiet title to the earnest money, for reformation of the earnest money agreement, and for money damages. Lynch moved for summary judgment which was granted and the Carrolls appeal. We affirm.

The facts are these: On April 2, 1978, Susan S. Stephens Lynch deposited $1,500 down and entered into an earnest money agreement to purchase the Carrolls' home for $78,500. The offer was subject to Lynch obtaining financing. A clause in the agreement stated:

If financing is required, the purchaser agrees to make a best effort to procure same and further agrees to make application therefor within 5 days after seller's acceptance of this agreement.

The agreement also provided that in the event of the purchaser's default, the earnest money would be forfeited.

The next day, Lynch submitted a written loan application to University Federal Savings and Loan. On the application, she stated that she was a self–employed investment advisor and insurance broker with a gross income of $2,900 per month. To verify her income, University Federal requested copies of her two most recent federal income tax returns. Lynch's 1977 return, then being completed by her accountant, was submitted the first week of May; the 1976 return was never furnished.

The 1977 return showed that although Lynch had gross receipts in excess of $35,000, expenses of some $22,000 were deducted, leaving available income before taxes of approximately $13,000. On May 12, 1978, she was advised that her application was rejected due to insufficient income. The Carrolls refused to return the earnest money and this action followed.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975). The Carrolls argue that the term "make application" in the "If financing is required" clause in the earnest money agreement is inherently ambiguous and so extrinsic evidence must be considered, thus creating a material issue of fact. *Murray v. Western Pac. Ins. Co.,* 2 Wn. App. 985, 992–93, 472 P.2d 611 (1970); *Pine Corp. v. Richardson,* 12 Wn. App. 459, 468, 530 P.2d 696 (1975).

■ There is no ambiguity. Lynch did submit a factually accurate application to a recognized commercial lender. A court should not read ambiguity into a contract where the contract language is unambiguous. *Jacoby v. Grays Harbor Chair & Mfg. Co.,* 77 Wn.2d 911, 917, 468 P.2d 666 (1970).

■ The remaining dispute concerns the legal effect of the words "best effort" in the "If financing is required" clause. The legal effect to be given language in an unambiguous written contract depends upon the intention of the parties as ascertained from the language employed in their agreement and all reasonable inferences to be drawn therefrom. Words in a contract are to be given their plain and ordinary meaning unless the context or definition dictates otherwise. *Pine Corp. v. Richardson, supra.*

■ In this case, the "subject to financing" clause was a condition precedent to the earnest money agreement becoming performable as a binding contract to purchase the property. Rather than leaving to inference the purchaser's good faith obligation to obtain the required financing, the earnest money agreement makes the obligation express by requiring Lynch to exercise her best effort to make application for financing within 5 days. *Highlands Plaza, Inc. v. Viking Inv. Corp.,* 2 Wn. App. 192, 199, 467 P.2d 378 (1970).

Lynch did this by submitting an accurate written application to a commercial lender 1 day after signing the agreement and by substantially complying with the lender's request for additional information. The Carrolls argue that the "best effort" standard required Lynch to immediately inform the lender of the substantial difference between her gross and net income. The loan application asked only for gross income and the undisputed testimony of the principal loan officer was that the income considered by the lender when evaluating a loan may be substantially different from "net" income for federal tax purposes. There is no evidence that it would have made any difference had Lynch reported her net income on the loan application or furnished her 1976 federal tax return.

The lender rejected Lynch's loan application because her income was insufficient. The Carrolls offer no suggestion as to how Lynch could exercise her "best effort" to remedy inadequate income. Lynch had until May 15 to obtain

financing. On May 12, she was notified that her loan application was rejected. This left too little time for applying elsewhere, but it must be remembered that the lender was recommended by the Carrolls. Moreover, there is no evidence that another financial institution would have loaned the money on a net income of $13,000 per year. From the undisputed evidence in the record, Lynch exercised her best efforts to obtain the loan.

The remaining contention of the Carrolls is insubstantial. The judgment is affirmed.

SWANSON, A.C.J., and RINGOLD, J., concur.

Reconsideration denied December 21, 1979.

Review denied by Supreme Court March 7, 1980.