THE HOME INSURANCE COMPANY, THE HOME INDEMNITY COMPANY, New York, Plaintiffs, v. ROBERT E. KENNEDY, JR., Defendant.

(*May* 19, 1959.)

STIFTEL, J., sitting.

*William Prickett* (of Prickett and Prickett) for plaintiffs.

*H. James Conaway, Jr.* (of Morford, Young and Conaway) for defendant.

Superior Court for New Castle County, No. 1060, Civil Action, 1957.

STIFTEL, J.:

Plaintiffs, referred to hereafter as "Home", filed a complaint for a declaratory judgment requesting this court to determine that a policy of public liability insurance issued to defendant on a 1953 Dodge 2-door sedan owned by him did not cover defendant when he was involved in a collision on February 2, 1957, while driving a pick-up truck exclusively furnished to him for his use by his employer. Defendant counter-claimed seeking a determination in his favor. This matter is now before me on Home's motion for summary judgment pursuant to Superior Court Rule 56, *Del. C. Ann.*, asking for the relief demanded in the complaint as a matter of law because of no issue as to any material fact.

The undisputed facts are these: On February 2, 1957, and for several years prior thereto, the defendant, Robert E. Kennedy, Jr., was an employee of White Brothers Supply Company. White Brothers furnished a one-half or three-quarter ton pick-up truck to him for his exclusive use in connection with their business. He was also permitted to use the truck to travel to and from his home and work. However, he had no authority to use it for his personal or non-occupational purposes. The truck was in his possession every day and was used by him in the business of White Brothers at least six days a week, and when not personally operated by the defendant, was generally parked in front of his home. The truck had been in the continuous posses-

sion of defendant for approximately one year. White Brothers had a separate policy of insurance on the truck with the American Employers Insurance Company.

The defendant owned a 1953 Dodge automobile which he used and which his wife also used. Home issued an automobile liability policy to the defendant covering his 1953 Dodge automobile. This is the policy now under consideration.

On February 2, 1957, while operating the White Brothers truck returning from a business trip, the defendant was involved in a collision with another automobile operated by James A. Leyanna. As a result of this collision, a suit was filed against the defendant and White Brothers for personal injury and wrongful death. The suit against White Brothers was settled. The defendant demanded that Home take over the defense of the claims against him. Home refused to do so, and filed the aforementioned action for declaratory judgment.

The decision on the motion requires the interpretation of an exclusionary clause in that portion of the policy which indemnifies the insured against liability arising from his use of any "other automobile" than the one described in the policy. Specifically, the liability of Home to defend Kennedy in a separate suit filed against him depends upon the interpretation of Insuring Agreement V(d) (1), which excepts or excludes from extended coverage under the "Use of Other Automobiles" agreement an automobile "furnished for regular use to * * * the named insured." The decision here, I believe, rests solely upon whether or not defendant was regularly furnished the truck for his use by his employer.

The wording of the applicable provisions of the policy is:

"Insuring Agreement V. Use of Other Automobiles: If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a pri-

vate passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, division 1 of coverage C and coverage E with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

*        *        *        *        *        *

"(d) This insuring agreement [the Use of Other Automobiles provision] does not apply:

"(1) To any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse;

*        *        *        *        *        *

"(3) Under coverage A, B or division 1 of coverage C, to any automobile while used in a business or occupation of such named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, private chauffeur or domestic servant. * * *"

Defendant agrees that he would be excluded from coverage if the pick-up truck had been furnished for his regular use. However, he argues, that "furnished for regular use", under exclusion clause (d) (1) of Insuring Agreement V, means he was entitled to an indiscriminate and unrestricted, full and complete use of the truck, and since his use of the truck was restricted by his employer to a "business use", it was therefore not furnished to him for his "regular use". Defendant then argues that "for regular use" must mean indiscriminate and unrestricted use, because under (d) (3) of Insuring Agreement V (Use of Other Automobiles provision), a private passenger automobile is covered if it is used regularly or every day in the business or occupation of the insured.

The defendant therefore claims that since a private passenger automobile is covered if used every day in the business

or occupation of the insured under V(d) (3), then it is illogical to hold that the same private passenger automobile be excluded under V(d) (1) if used daily in the business or occupation of the insured. In line with this argument defendant claims that the International pick-up truck he was furnished is a private passenger automobile under the definition in the policy.*

Defendant's interpretation of V(d) (3) is not justified. Defendant cites many cases but none to support his contention that the defendant is covered by the Dodge policy under V(d) (3) when he drives the pick-up truck daily in his business or occupation. If defendant is right, then he would be getting insurance on the Dodge and the pick-up truck for the price of the insurance on the Dodge alone. Every day, two vehicles could be on the road at one time, the Dodge driven by his wife, and the pick-up truck driven by him in his occupation, covered by one policy. This would be a bargain, and not one that was intended by the policy.

The purpose of the "other automobiles" provisions of the policy, with the exceptions, is to provide coverage to a driver, without additional premiums, for the occasional or infrequent driving of an automobile other than his own. *Wyatt v. Cimarron Insurance Co.,* 10 Cir., 235 F. 2d 243, 246; *Annotation,* 173 A. L. R. 901-904. These provisions are not to take the place of insurance on automobiles which are furnished to the insured regularly in his business or occupation. *Miller v. Farmers Mutual Automobile Insurance Co.,* 179 Kan. 50, 292 P. 2d 711, 715.

Insuring Agreement V(d) (1) excepts from coverage any "other automobile" if it is furnished to the insured on a regular basis. The apparent purpose of V(d) (3) is to except

---

*The term "automobile" is defined in Insuring Agreement IV of the policy, and includes as a category within its definition a "private passenger automobile" which is defined in the policy as follows:

"b. *Private Passenger Automobile.* The term 'private passenger automobile' means a private passenger, station wagon or jeep type automobile * * *."

from coverage any other automobile, not including a private passenger automobile, not furnished for the regular use of the insured, but which is used in the business or occupation of the insured. In other words, V(d) (3) does not extend coverage to a private passenger automobile used regularly in the business or occupation of the insured, but limits coverage to a private passenger automobile which has not been regularly furnished to the insured but which has occasionally or infrequently been furnished to him for use in his business or occupation. Under this policy, therefore, any type automobile, including a private passenger automobile, is excluded from coverage if furnished to the insured on a regular basis. If it is not a private passenger automobile, it is excluded from coverage if used in a business or occupation of the insured. However, a private passenger automobile is covered so long as it is not furnished to the insured on a regular basis. It is immaterial whether or not the private passenger automobile, not regularly furnished, is used in the business or occupation of the insured.

No absolute definition can be established for the term "furnished for regular use". Each case must be decided on its own facts and circumstances. Counsel cite many cases in their briefs defining the term "furnished for regular use". Most of these cases and others on the subject are set forth, compared and analyzed in *Leteff v. Maryland Casualty Co., La. App.*, 1 *Cir.*, 91 *So.* 2d 123, 144; see also *Annotation*, 173 *A. L. R.* 901. These cases have been read and considered. None are directly in point with the facts in this case.

■ Here, the pick-up truck at the time of the accident was furnished to the insured by his employer for at least one year. He had exclusive possession of the truck; he used it every weekday for his work. He also used it to go to and from his place of work, a distance of several miles daily, with the permission of his employer. His wife used the Dodge car often to go to her place of employment. In fact, defendant indicated in his deposition that his wife may have been using the Dodge auto-

mobile at the time he was using the truck on the day of the accident. This arrangement was no casual, intermittent or infrequent use of the truck, but a steady, daily use of the vehicle. These facts show a "regular use" by the defendant within the common meaning of the term.

I conclude, therefore, that under the facts of this case, White Brothers furnished the defendant a pick-up truck for his regular use. That International pick-up truck therefore was excluded from coverage under the Dodge insurance policy when it was involved in a collision on February 2, 1957. My conclusion makes it unnecessary to determine whether an International one-half to three-quarter ton pick-up truck is a private passenger automobile within the meaning of the permissible business use exception granted to private passenger automobiles in Insuring Agreement V(d) (3).

Motion for summary judgment granted.