589 P.2d 905

William E. WARFE and Delores Warfe,
husband and wife,
Plaintiffs-Appellants,

v.

ROCKY MOUNTAIN FIRE & CASUAL-
TY COMPANY, a corporation,
Defendant-Appellee.

William E. WARFE and Delores Warfe,
husband and wife, Plaintiffs-Appellees,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, a corporation,
Defendant-Appellant.

No. 2 CA–CIV 2977.

Court of Appeals of Arizona,
Division 2.

Nov. 20, 1978.

Rehearing Denied Dec. 20, 1978.

Price, Tinney, Lindberg & Gianas by John E. Lindberg, Tucson, for plaintiffs-appellants-appellees Warfe.

Everett, Bury & Moeller, P. C. by David C. Bury, Tucson, for defendant-appellee Rocky Mountain Fire & Cas. Co.

Gaynor K. Stover, Tucson, for defendant-appellant Hartford Acc. and Indemn. Co.

## OPINION

HATHAWAY, Judge.

Plaintiff (hereinafter driver) brought a declaratory judgment action to determine whether the uninsured motorist provision of his employer's and his personal automobile liability insurance policy applied to his injuries. This is a consolidated appeal from orders granting summary judgment to driver against Hartford Accident & Indemnity Company (hereinafter employer's carrier) and for Rocky Mountain Fire & Casualty Company (hereinafter personal carrier) against driver.

While driving his empty taxi cab to Tucson International Airport to await arriving passengers, driver was seriously injured in an accident with an uninsured motorist. At the time of the accident, driver's employer maintained automobile liability coverage and workmen's compensation coverage, and driver maintained personal automobile liability coverage. Driver was awarded workmen's compensation benefits for his injuries.

Each policy by its terms excludes or limits coverage of this accident. The issue is whether these exclusions or limitations apply, and if so, whether Arizona statutes permit them to apply.

The personal policy provides that the uninsured motorist supplement does not apply "to any automobile *while used as a public conveyance*" (emphasis added). A.R.S. § 20–259.01(C) provides that "*every* insurer writing automobile liability . . . policies may but need not make available . . . [uninsured motorist protection] to owners and *operators* of motor vehicles which are used as public or livery conveyances." (Emphasis added)

■ Where the meaning of the statute does not lead to an impossibility or an absurdity, courts must follow that meaning even though the results may be harsh, unjust or a mistake in policy. *State Tax Commission v. Television Services, Inc.,* 108 Ariz. 236, 495 P.2d 466 (1972). A.R.S. § 20–259.01 specifically permits the insurer of an operator of a public conveyance to exclude uninsured motorist coverage. A public conveyance is a vehicle which is indiscriminately held out for public use. *Keplinger v. Mid-Century Ins. Co.,* 115 Ariz. 387, 565 P.2d 893 (App.1977). A taxi cab is a vehicle which is indiscriminately held out for public use. A.R.S. § 20–259.01 permits exclusion of uninsured motorist coverage from personal carrier's coverage.

■ Driver contends that although A.R.S. § 20–259.01 applies to vehicles "which are used" as public conveyances, the language of the policy applies to vehicles only "while used" as public conveyances. He interprets "while used" to mean while actually used in the sense that at the time

**264**

of the accident the vehicle was either occupied by or cruising for passengers. For purposes of this appeal, we assume the driver did not have a specific prospective passenger waiting for him at the airport.

Assuming arguendo that the language of the policy narrows the statutory exclusion, the policy applies to this situation. A vehicle driven from one point to another for the purpose of indiscriminately holding it out for public use is being used as a public conveyance. An accident in transit occurs *while* it is so *used.* The trial court did not err in concluding there was no coverage under the personal policy.

 The employer's policy expressly excludes from *liability* coverage injuries compensable under workmen's compensation and injuries to employees arising out of and in the course of employment. Exclusions in an insurance contract are strictly construed in favor of coverage and against the insurer. *Brenner v. Aetna Ins. Co.,* 8 Ariz.App. 272, 445 P.2d 474 (1968). This policy does not condition uninsured motorist coverage on applicability of liability coverage; it promises to pay for bodily injury "sustained by the insured, caused by accident and arising out of the . . . use of such uninsured automobile." The liability exclusions therefore do not apply to the uninsured motorist coverage.

The uninsured motorist provision purports to limit coverage by reducing it by "the amount paid . . . under any workmen's compensation law." A.R.S. § 28–1170(E) permits this offset. *State Farm Mutual Automobile Ins. Co. v. Karasek,* 22 Ariz.App. 87, 523 P.2d 1324 (1974); and *Allied Mutual Ins. Co. v. Larriva,* 19 Ariz.App. 385, 507 P.2d 997 (1973), voided such an offset where the insured vehicle was not a public conveyance. Both cases relied on *Bacchus v. Farmers Insurance Group Exchange,* 106 Ariz. 280, 475 P.2d 264 (1970), which struck an offset of medical payments against uninsured motorist coverage because the statute mandates not less than a specified amount of uninsured motorist coverage. A.R.S. § 20–259.01(C) releases the insurer from the mandatory

uninsured motorist coverage when the insured uses the vehicle as a public conveyance. The insurer may limit coverage it is not obligated to provide. *Arceneau v. State Farm Mutual Automobile Ins. Co.,* 113 Ariz. 216, 550 P.2d 87 (1976); *Caballero v. Farmers Ins. Group,* 10 Ariz.App. 61, 455 P.2d 1011 (1969).

The order granting summary judgment to personal carrier is affirmed. The order granting summary judgment to driver must be modified to permit an offset of workmen's compensation benefits against the amount payable under the policy.

RICHMOND, C. J., and HOWARD, J., concur.