**Bernis MARTIN, Plaintiff,**

v.

**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Defendant, Third-Party Plaintiff,**

v.

**CENTRAL NATIONAL INSURANCE OF OMAHA, Third-Party Defendant.**

**Civ. A. No. 85–486–JRR.**

United States District Court, D. Delaware.

Sept. 30, 1986.

Frederick T. Haase, Jr. of Roeberg & Associates, Wilmington, Del., for plaintiff.

Benjamin C. Wetzel, III of Bayard, Handelman & Murdoch, Wilmington, Del., for defendant, third-party plaintiff Colonial Ins. Co. of California.

B. Wilson Redfearn of Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for third-party defendant Central Nat. Ins. of Omaha.

ROTH, District Judge.

The plaintiff Bernis Martin has brought suit against Colonial Insurance Company of California (Colonial), seeking a declaratory judgment and damages against the defendant. The plaintiff is claiming the defendant insurance company has an obligation to pay his damages under the Personal Injury Protection (PIP) coverage in his automobile insurance policy. This Court has jurisdiction based upon complete diversity.

Defendant Colonial has moved for summary judgment pursuant to Fed.R.Civ.P. 56. Colonial argues that two provisions in the policy expressly exclude coverage for the accident that is the basis of this lawsuit. The first of these, the so-called "regular use" exclusion, limits coverage for vehicles, not named in the policy, to infrequent and casual use, as opposed to regular and frequent use. The second provision excludes coverage for vehicles that are used for carrying property for a fee. For the reasons stated below, we will grant summary judgment in favor of defendant Colonial.

Federal Rule of Civil Procedure 56(c) provides that judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories or admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In its determination the Court shall not decide issues of material fact but merely determine whether a dispute as to a material fact actually exists. *Toebelman v. Missouri-Kansas Pipe Line Co.*, 130 F.2d 1016, 1018 (3d Cir.1942).

As is evident from the briefing and oral argument, the material facts are not disputed. The sole question is whether, as a matter of law, the defendant insurance company has a duty to extend insurance coverage to include those actions taken by the plaintiff and the resulting injuries.

The facts of record indicate that at the time of the accident, on November 19, 1984, plaintiff Martin was driving a truck owned by Xpress Truck Lines, Inc. (Xpress). The plaintiff had been working for Xpress as a truck driver for some six months. Martin was not an employee of Xpress, but rather an independent contractor who leased the truck he was to drive, signed a contract for the delivery of each truck load of goods he hauled, and was paid on the basis of the number of truckloads hauled each week. Furthermore, since Martin had not been working for Xpress long enough to be a member of the union, he had not yet been assigned an individual truck, but instead was given a different truck each day.

On November 19, 1984, Martin had been assigned Unit 2606 and was hauling a loaded tractor trailer to Hartford, Connecticut. Sometime between 10:00 p.m. and 11:00 p.m., near Edison, New Jersey, the truck malfunctioned. After efforts to have the truck repaired proved fruitless, the plaintiff called Xpress for a replacement truck. Upon the arrival of the replacement the plaintiff unhooked the malfunctioning truck from the trailer and attempted to drive to the tow truck which had just delivered the replacement. While he was driving around the block to the tow truck, the plaintiff was hit from behind by another motorist. As a result of the accident the plaintiff suffered whiplash and back injuries.

After his initial efforts to have his injuries compensated by the carrier for Xpress failed, the plaintiff contacted Colonial. Colonial was the carrier for the plaintiff's automobile insurance on his personal vehicles. Colonial initially rejected the claim for PIP benefits for the following reasons:

We do not believe that our policy extends coverage to any facet of this loss, for the following reasons:
1. The 1976 Mack truck [Unit 2606] does not qualify as an "insured vehicle" under the terms of the policy. I enclose copies of pages 3, 4, 5, 6, 7, and 8 of our policy.
2. Our No-Fault endorsement excludes coverage where injury results involving the use of a motor vehicle to carry property for a fee. I enclose a copy of our endorsement, number four (4) title Personal Injury Protection exclusions. [Exhibit C, Plaintiff's Answering Brief, at B–7].

When further efforts to have his claim paid were unsuccessful, the plaintiff instituted the instant action on August 15, 1985.

During the discovery process the defendant in an answer to an interrogatory said that it had rejected the plaintiff's claim because it was excluded from coverage by exclusions number 1 and number 4 of the insurance contract. Exclusion number 1 in the plaintiff's policy provides:

1. We will not pay for bodily injury to you or any member of your household in any accident involving a motor vehicle you or any member of your household owns or has *available for regular use,* but does not have insured under this policy.

Exclusion number 4 provides:

4. We will not pay for bodily injury involving the use of a motor vehicle by an insured to carry persons or property for a fee.

These exclusions form the basis for the defendant's Motion for Summary Judgment.

I. ANALYSIS.

Before analyzing the effect of these exclusions, the Court will consider plaintiff's claim that defendant waived the "regular use" exclusion (Exclusion # 1) by failing to promptly notify plaintiff. Since the Court concludes that no such waiver occurred, it will then consider the effect of both exclusions. Finally, the Court will consider the

**352**

validity of these exclusions under 21 *Del.C.* § 2118.

### A. *Waiver.*

■ The first issue is whether the doctrine of waiver is available to bring within the coverage of an insurance policy risks expressly excluded therefrom. The plaintiff has argued that by failing to mention the "regular use" exception in the letter in which it denied coverage, Colonial waived the ability to raise that defense to coverage at a later time. Plaintiff relies upon *Nathan Miller, Inc. v. Northern Insurance Co. of New York*, 42 Del. 523, 39 A.2d 23 (Super.1944), for the proposition that Colonial's denial would waive the ability to claim additional exclusions. A careful review of the *Miller* case indicates that it is distinguishable, as it deals with a technical forfeiture of coverage clause. In *Miller* the insurance carrier failed to base the initial denial of coverage on the plaintiff's non-compliance with the proof of loss provision. At issue was whether a forfeiture of coverage would occur. In the case at bar the exclusionary clauses go to the coverage or scope of the policy and not to a condition of forfeiture. It is well established that the coverage or scope of a policy may not be extended by waiver, implied from the insurer's reliance on exclusions in an initial rejection letter, which differ from those ultimately put forth as a defense. *State Farm Mut. Auto Ins. Co. v. Cooper*, 233 F.2d 500 (4th Cir.1956); *National Fire Ins. Co. v. Eastern Shore Laboratories, Inc.*, 301 A.2d 526 (Del.Super.1973); *Mutual Benefit Life Ins. Co. v. Bailey*, 55 Del. 215, 190 A.2d 757 (Super.1963). *See also Comment Note: Doctrine of Estoppel or Waiver as Available to Bring Within Coverage of Insurance Policy Risks not Covered by Its Terms or Expressly Excluded Therefrom*, 1 A.L.R.3d 1139 (1965).

■ To hold otherwise would be to create a new contract between the parties. The doctrine of waiver cannot create coverage where none is contracted for by the parties. Waiver can only be used to continue coverage which would otherwise be lost by a technical non-compliance with a forfeiture clause. The argument based upon waiver must, therefore, fail and the defendant will be permitted to raise as a defense all applicable exclusions under the policy.

### B. *Regular Use.*

■ The first exclusion upon which defendant relies is the regular use provision, which excludes from coverage motor vehicles available for regular use but not specifically insured under plaintiff's policy (Exclusion # 1). The facts of record indicate that at the time of his injury the plaintiff was driving Unit 2606 of the Xpress fleet. He had only driven this particular unit on one prior occasion. However, during the previous six months he had availed himself of the use of the other vehicles in the fleet. Each day he would be assigned one of the vehicles not previously reserved for use by a union driver. He had used an Xpress vehicle roughly 130 days during the months immediately preceding the accident.

It is a well settled proposition that an automobile will be excluded under a "drive other automobile" clause even though it is only one of a group of vehicles furnished or made available for the regular use of the named insured. *Winterwerp v. Allstate Insurance Co.*, 277 Md. 714, 357 A.2d 350, 354 (1976); *Farm Bureau Mutual Automobile Ins. Co. v. Marr*, 128 F.Supp. 67, 69 (D.N.J.1955); *see also Kern v. Liberty Mutual Insurance Corp.*, 398 F.2d 958, 961–62 (8th Cir.1968). The clause involved here is a "drive other automobile clause" in that it controls under what circumstances the insured will be covered while driving a vehicle other than the one for which he chose to purchase insurance coverage.

> The purpose of the "other automobile" provisions of the policy, with the exceptions, is to provide coverage to a driver, without additional premiums, for the occasional or infrequent driving of an automobile other than his own ... These provisions are not to take the place of insurance on automobiles which are fur-

nished to the insured regularly in his business or occupation.

*Home Insurance Co. v. Kennedy*, 52 Del. 42, 46, 152 A.2d 115, 118 (Super.1959).

Both parties rely on the *Kennedy* case as determinative of the outcome of this controversy. The *Kennedy* case held that no absolute definition could be established for the phrase "furnished for regular use." Each case is to be determined on its own facts and circumstances. *Id.* at 47, 152 A.2d at 118. Nontheless, the *Kennedy* Court identified several factors to consider in determining whether a vehicle was available for regular use. After considering these factors and applying them to the facts of this case, this Court finds the Unit 2606 was "a motor vehicle ... [plaintiff] has available for regular use but does not have insured under this policy." (Exclusion # 1).

Martin had used vehicles from the Xpress fleet every working day for six months. This time period of continuous use demonstrates that his use was more than merely "casual, intermittent, or infrequent." *Id.* at 48, 152 A.2d at 119. In addition, for the period each truck was assigned to him, he had exclusive use of it. If the route required more than one day to complete, he would often sleep in the cab of the truck. This arrangement was formalized, consistent and frequent, amounting to a "steady, daily use of the vehicle." *Id.* Whether Martin drove the same truck on each trip, or a different truck from the same fleet, his use of the trucks was regular and exclusive and clearly of a nature that brings it within the terms and underlying policy of the regular use exclusion.

The Court's conclusion under the factors enumerated in *Kennedy* is unavoidable. Mr. Martin was operating a vehicle which had been made available for his regular use and which was not, therefore, covered under his personal insurance policy.

## C. *Carrying Property for a Fee.*

■ The second exclusion upon which defendant relies denies coverage for vehicles not named in the policy that are used to carry property for a fee (Exclusion # 4). On the evening of the accident, the plaintiff was bound for Hartford, Connecticut with a loaded trailer, which he was pulling with Unit 2606. After Unit 2606 developed mechanical problems and efforts to repair it proved useless, he called Xpress and asked to be supplied with a replacement unit so that he could continue on with his delivery. At no time did he abort his efforts to continue the trip and deliver his load. When the accident occurred, he was driving Unit 2606 to a position where the tow truck could connect to it and tow it to the Xpress garage. The mere fact that at the moment of impact, the truck was not hauling the cargo loaded trailer does not alter the nature of the endeavor which had been undertaken. The driving of the truck to a position where it could be towed was a necessary step in the completion of the plaintiff's journey to Connecticut. At all times, Unit 2606 retained its character as a vehicle used to carry cargo for a fee, and as such was within the Exclusion # 4 on plaintiff's personal policy. *Warfe v. Rocky Mountain Fire & Casualty Co.*, 121 Ariz. 262, 589 P.2d 905 (App.1978).

## D. *Validity of Exclusion Clauses Under 21 Del.C. § 2118.*

■ The final issue is the plaintiff's assertion that the exclusions contained in the policy at issue are void under the applicable Delaware no-fault statute, Title 21, Section 2118 of the Delaware Code. Subsection 2118(a) outlines the type and amount of coverage that insurers of Delaware registered motor vehicles must provide. Under subsection 2118(d), policies are deemed to provide coverage coextensive with the minimum requirements of subsection 2118(a), notwithstanding any provisions that purport to limit coverage to less than the minimum. Among the requirements for coverage is subsection 2118(a)(2)(d), which states that personal injury protection coverage must include injuries to the insured "for accidents which occur ... occupying any registered motor vehicle other

than a Delaware registered insured motor vehicle, in any state...."

The plaintiff argues that under subsection 2118(d), any limitation on coverage for accidents, involving non-Delaware registered motor vehicles, is void. Under this interpretation, all no-fault automobile insurance policies written for Delaware registered vehicles would automatically cover the insured when he or she is driving or riding in any out-of-state vehicle under all circumstances. Thus, insurers of Delaware registered vehicles would unwittingly be insuring whatever out-of-state vehicle that an insured motorist chooses to drive, even if the insured drives that same out-of-state vehicle every day.

This reading of section 2118 is not correct, however, because it fails to properly account for the statutory caveat found in subsection 2118(e). This subsection permits insurers to use conditions and exclusions, so long as such conditions and exclusions are "customary to the field of liability, casualty and property insurance and not inconsistent with the requirements of this section." Under this caveat, the exclusions at issue in this case are valid if the defendant can show that they are (1) customary and (2) not inconsistent with the statutory outline of coverage in subsection 2118(a).

Defendant has shown that the exclusions are customary. A list of cases discussing the "regular use" exclusion may be found in Annot., *When is Automobile Furnished or Available for Regular Use Within "Drive Other Car" Coverage of Automobile Liability Policy?* 8 A.L.R. 4th 387 (1981). Likewise, the applicability of exclusions for carrying property for a fee is discussed in Annot., *Construction of Provision Excluding Automobiles Used in Insured's "Business or Occupation" from Non-owned Automobile Coverage of Automobile Liability Policy,* 85 A.L.R.2d 502 (1962). The mere existence of such annotations establishes these exclusions as customary in the industry.

The defendant has also successfully shown that the exclusions are not inconsistent with the requirements of section 2118.

These exclusions apply to other Delaware registered vehicles which may be operated by the insured. There is no reason why they should not similarly apply to vehicles registered in other states. The risk involved in out-of-state vehicles that are regularly used by the insured, and used to carry property for a fee, are risks which are foreseeable and can be provided for by separate or extended insurance coverage. These exclusions do not bar coverage for occasional, infrequent use of non-Delaware registered vehicles. What they exclude is coverage for vehicles or activities not meant to be included in the policy.

In light of the provision in subsection 2118(e) for customary exclusions and conditions, it is clear that subsection 2118(a)(2)(d) was not meant to void express exclusions in insurance policies when those exclusions are designed merely to retain some proportionality between the risks covered and the premiums paid for the insurance. Exclusions for the regular use of non-Delaware registered vehicles and for carrying property for a fee in non-Delaware registered vehicles are not inconsistent with the requirements of section 2118 and are, therefore, valid.

Finding no remaining issues of material fact, the motion for summary judgment is granted.